THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ GABRIEL HERNÁNDEZ RODRÍGUEZ, Defendant and Appellant.

No. CR-63-104.    Decided January 16, 1964.

*William Fred Santiago* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was found guilty by a jury and sentenced on July 7, 1960 to serve from five to ten years' imprisonment in the penitentiary. In this appeal he alleges that the judgment is void because the judge in his instructions to the jury "read to them the sworn confession made

by defendant and then handed it to them to take with them at the time of deliberating." In support of his petition for acquittal or to order a new trial, he cites the cases of *People* v. *Ramos*, 84 P.R.R. 542 (1962); *People* v. *Cruz*, 87 P.R.R. 124 (1963); and § 274 of the Code of Criminal Procedure (34 L.P.R.A. § 783), and Rules 2 and 140 of the Rules of Criminal Procedure.

In the two cases cited as well as in *People* v. *Couret Martínez, ante*, p. 56, we have said that it is error to permit the jury to take the document containing defendant's written confession. This error may lead to reversal of the judgment appealed from if found to be prejudicial to defendant. In order to avoid this risk, compliance must be had with the procedural provisions cited above.

■ The error committed in this case does not entail the automatic reversal of the judgment. There is nothing in the record to show that appellant's fundamental rights were injured, nor that the error committed actually prejudiced those rights.

■ The prosecution evidence, as to appellant, was simple and brief. It consisted of the testimonies of the owner of the establishment burglarized, of the district attorney and of defendant's written confession. The testimony of the owner of the establishment established the corpus delicti and that of the district attorney merely established the voluntary character of defendant's confession, which was admitted in evidence without his objection. On his part, appellant did not present any defense theory or evidence in his favor. The case was therefore submitted to the jury on the prosecution evidence only.

Appellant has made no effort to show that the error committed prejudiced him nor have we been able to make such a conclusion.

The judgment appealed from will be affirmed.